915 F.Supp. 122 (1996)
FEDERAL INSURANCE COMPANY, Plaintiff,
v.
SPRIGG LANE INVESTMENT CORPORATION, et al., Defendant.
No. 4:95cv1809 GFG.
United States District Court, E.D. Missouri, Eastern Division.
February 16, 1996.
*123 Mark R. Bates, Landau and Omahana, Clayton, MO for plaintiff.
David R. Smith, Payne and Jones, Overland Park, KS and Kirk R. Presley, Bartimus and Kavanaugh, Kansas City, MO, for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss the complaint on the ground that the Court lacks personal jurisdiction over them, or alternatively, to abstain. Federal Insurance Company brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking a declaration that it has no duty towards its insured, Sprigg Lane Investment Corporation, and Sprigg Lane's subsidiary, Augusta Investment Corporation, for these corporations' liability arising from a certain occurrence. Also named as defendants are seven individuals who brought a state court tort action against Sprigg Lane and Augusta based on the occurrence. There is complete diversity between the parties.
The following facts are not disputed for purposes of the motion to dismiss. On December 25 and 26, 1992, relatives of Sharon and James C. Ausperger gathered at the Ausperger's residence in Missouri. Excessive carbon monoxide was emitted by a heating system, part of which was manufactured and installed by Sprigg Lane's predecessor in interest. The Auspergers and two other individuals were killed; others were injured.
Six of those present and a daughter of James C., filed a tort action on their own behalf and/or as heirs of the decedents, in the Circuit Court of Jackson County, Missouri, against Sprigg Lane, and Augusta, and a Missouri corporation later dismissed from the action. None of the tort plaintiffs were themselves Missouri residents.
Sprigg Lane and Augusta notified Fidelity of the suit. The Fidelity policy provided for insurance in the amount of $10,000,000 in excess of $1,000,000 for each occurrence. Fidelity denied that it had a duty to defend or indemnify Sprigg Lane because of a provision in the policy excluding coverage for any liability arising out of the "discharge, dispersal, release or escape of pollutants."
On January 26, 1995, Fidelity filed the instant action seeking a declaration that it had no duty to defend or indemnify Sprigg Lane or Augusta. Thereafter the tort plaintiffs, Sprigg Lane, Augusta and Liberty Insurance Co., Sprigg Lanes's primary liability insurer, entered into an agreement in the state action pursuant to Mo.Rev.Stat. § 537.065.[1] Liberty had offered its full policy limit of $1,000,000. Plaintiffs agreed that in consideration of the $1,000,000 from Liberty, execution and collection of any judgment they received against Sprigg Lane and Augusta would be limited to the corporations' insurance assets under the Federal policy.
In November 1995, judgment was entered in state court in favor of all plaintiffs. Plaintiffs initiated garnishment proceedings against Federal. Federal filed a motion to stay those proceedings pending resolution of this declaratory judgment action.
Defendants in the present action (the tort plaintiffs, Sprigg Lane and Augusta) argue that the Court does not have personal jurisdiction over them because they do not come within the purview of the Missouri Long Arm Statute, Mo.Rev.Stat. § 506.500. They argue alternatively that the Court should abstain from exercising its jurisdiction because Federal could challenge its liability in the context *124 of the state court garnishment proceedings. Federal offers several theories for finding personal jurisdiction, and argues that abstention is not warranted.
The Court concludes that even if it had personal jurisdiction over all defendants,[2] this case should be dismissed in light of the pending state court action. Both sides discuss the abstention issue in terms of the factors set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), for determining whether "exceptional circumstances" existed justifying dismissal of a federal court action in favor of pending state proceedings. This, however, is not the applicable standard.
In Wilton v. Seven Falls Co., ___ U.S. ___, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Supreme Court explained that when the federal action is a declaratory judgment action, the district court is vested with far greater discretion in accord with Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, ___ U.S. at ___, 115 S.Ct. at 2137.
Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. Brillhart, 316 U.S. at 495, 62 S.Ct. at 1175-76. See also Horne v. Firemen's Retirement Sys., 69 F.3d 233 (8th Cir.1995) (district court acted within its discretion under Brillhart in dismissing declaratory judgment action in light of state court proceedings instigated by defendants on same issues).
In the present case, it is undisputed that the claims of all parties of interest can satisfactorily be adjudicated in the state court proceeding. There are no matters of federal law to be decided. A declaratory judgment will serve no useful purpose.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss the complaint is granted.
NOTES
[1] This statute allows a claimant and a tort-feasor to contract to limit recovery to specified assets of an insurance contract.
[2] Without deciding this specific issue in this case, the Court believes it does have personal jurisdiction over all defendants. This is a declaratory judgment action, and as such is not as completely independent of the underlying tort action as defendants maintain. The issue of policy coverage arises from defendants' contacts with Missouri enumerated in the long arm statute  the commission of a tort in Missouri by Sprigg Lane and Augusta, and the use of real estate located in Missouri by the tort plaintiffs.

The Court does not believe that tort judgment creditors can initiate garnishment proceedings in state court against the tortfeasor's insurer and yet maintain that a federal district court sitting in that state has no personal jurisdiction over them in the insurer's declaratory judgment action raising the same issues.